VINCENTY, DEMANDANTE Y APELADO, *v.* DAMIÁN ET AL., DEMANDADOS Y APELANTES.

No. 3225.—*Visto:* Abril 8, 1924. *Resuelto:* Agosto 1, 1924.

SERVIDUMBRE—ACCIÓN NEGATORIA DE—TRANSACCIÓN—CAUSA DE ACCIÓN.—No procede el ejercicio de la acción negatoria de servidumbre cuando las partes

celebraron un contrato por virtud del cual el dueño del predio dominante se obligó a pagar al del sirviente las dos terceras partes del valor de la obra que se necesitaría ejecutar para impedir la violación del derecho. La acción que en tal caso procede es la de cumplimiento de contrato.

SENTENCIA de *Angel Acosta Quintero,* J. (Mayagüez), declarando con lugar la demanda, con costas. *Revocada, declarando sin lugar la demanda, sin costas.*

. *P. Fajardo Martínez,* abogado de los apelantes; *J. Sabater,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Juan Vincenty Ramos dueño de una casa con su solar situados en la avenida Hostos de la ciudad de Mayagüez, presentó una demanda alegando que los demandados habían fabricado en un solar colindante una casa cuyo techo traspasa el límite del solar y vierte las aguas sobre la casa y suelo del demandante, sin título ni derecho para ello. Solicitó una sentencia que decretara que su finca estaba libre de toda servidumbre y que el demandado venía obligado a reducir el techo de su casa de modo que las aguas cayeran sobre su propio suelo.

Contestaron los demandados alegando la celebración de un contrato por virtud del cual se comprometieron a pagar al demandante para que las cosas quedaran en el estado en que se encontraban, una indemnización de las dos terceras partes de lo que pudiera costar la remoción del techo de la casa en cuestión, colocándolo en su verdadero sitio, y pidieron que se dictara una sentencia condenando al demandante a respetar el contrato.

Fué el pleito a juicio. Ambas partes practicaron su prueba y la corte finalmente dictó sentencia favorable al demandante. Los demandados apelaron señalando en su alegato la comisión de tres errores de los cuales sólo es necesario estudiar y resolver uno: el que se refiere a la existencia del contrato.

.No hay duda alguna que el techo de la casa de los demandados está indebidamente construído. Tampoco la hay con respecto al derecho que tiene el demandante a obtener el amparo de los tribunales para que cese la invasión de su propiedad, considerado el hecho en sí mismo.

. . Partiendo de esa base, la cuestión queda reducida a investigar y a resolver si el conflicto fué o nó resuelto por las mismas partes antes de iniciarse el pleito en forma distinta a la establecida en la demanda, porque si el demandante celebró un contrato válido con los demandados no puede prescindir de él y pedir el reconocimiento de su derecho como si tal contrato no existiera.

A nuestro juicio la prueba del contrato es evidente. Advertido por el demandante el hecho, se opuso a su continuación y, finalmente, por medio de su abogado, escribió a los demandados una carta que dice:

"Mayagüez, P. R., Agosto 24 de 1922.—Sr. Don José A. Domínguez, Mayagüez, P. R.—Muy Sr. mío y amigo:

"Después de tener varias entrevistas con Don Juan Vincenty, éste ha resuelto que Ud. quite el alero de su casa que sobresale, hasta la línea colindante, sobre propiedad del Sr. Vincenty; y que del único modo que podría permitir que continuaran las cosas como están es que pagara Ud. de indemnización las dos terceras partes de lo que pudiera costar la remoción del techo de su casa de Ud. y la colocación del mismo en su verdadero sitio.

"Estas son las instrucciones que he recibido y así se las transmito.

"Esperando sus noticias quedo suyo affmo. y S. S.—(Firmado) Lcdo. José Sabater."

Siendo la carta contestada así:

"Arecibo, Agosto 28, 1922.—Lcdo. José Sabater, Abogado, Mayagüez, P. R.—Acabo de recibir aquí su carta fecha 24. Para terminar asunto con Vincenty acepto pagarle la indemnización que fija su carta.

."Apertura escuelas obligame a estar ausente Mayagüez varios días entregando material escolar y les ruego concederme un mes

para el pago; caso contrario telegrafíeme en seguida Hotel Baleares aquí, para ver de complacerle antes.—(Firmado) José A. Domínguez.''

No telegrafió el demandante y el contrato quedó en pie, pero pasaron los días y surgieron al parecer dificultades pues el demandante sostuvo que se había fijado desde el primer momento como valor de las dos terceras partes del costo de la obra la suma de mil dólares y los demandados no estuvieron conformes, alegando que dichas dos terceras partes sólo valían $118.55.

¿Se fijó el precio en una cantidad líquida? No, a nuestro juicio. Es probable que se hablara en los comienzos del conflicto de lo que costaría remover el techo, pero no hay constancia bastante de que las partes llegaran a un acuerdo definitivo sobre determinada cantidad.

¿Fué aceptable la actitud asumida por los demandados tasando ellos mismos el valor de las dos terceras partes de la obra, obteniendo así la suma de $118.55 y pretendiendo que fuera recibida por el demandante? En manera alguna.

¿Estaba justificado el demandante en acudir a los tribunales si no podía llegar a un acuerdo definitivo con los demandados? Lo estaba, pero no para ejercitar la acción que ejercitó, sino para pedir que el contrato se cumpliera, esto es, para que se condenara al demandado a pagar las dos terceras partes del valor de lo que pudiera costar la remoción del techo y la colocación del mismo en su verdadero sitio.

Las circunstancias de no fijarse una cantidad líquida y de no determinarse el medio de fijarla en caso de desacuerdo de las partes, no implican que el contrato celebrado no tuviera validez. El conflicto se resuelve con facilidad a virtud del nombramiento de peritos por la corte.

Siendo ello así, opinamos que *debe revocarse la sentencia recurrida, declararse la demanda sin lugar* sin perjuicio del derecho del demandante a pedir el cumplimiento del contrato, todo *sin especial condenación de costas.*